#### IN THE

# Supreme Court of the State of Georgia,

## AT MACON,

## JUNE TERM, 1861.

PRESENT—JOSEPH H. LUMPKIN, ⎫
        RICHARD F. LYON, ⎬ JUDGES.
        CHARLES J. JENKINS, ⎭

REDDING EVANS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Under the laws of this State, a free person of color, indicted for murder, may be legally convicted of voluntary manslaughter.

Motion in arrest of judgment, decided by Judge WILLIAM C. PERKINS, at the April Term, 1861, of Miller Superior Court.

At the April Term, 1860, of the Superior Court of Miller county, the grand jury found and returned a special presentment, charging Redding Evans, *a free person of color*, with the offense of *murder*, committed by him in taking the life of one James Smith, on the 27th of December, 1859, in said county of Miller.

At the April Term, 1861, Evans was brought to trial, in due form of law, under said presentment, a bill of indictment

VOL. XXXIII—1.

thereon being duly waived. The trial resulted in the rendition, by the jury, of a verdict, finding Evans guilty of *voluntary manslaughter*.

Counsel for the defendant then made a motion in arrest of judgment in said case, on the grounds:

1st. Because a verdict of guilty of voluntary manslaughter could not be rendered on said indictment.

2d. Because a free person of color cannot be legally convicted of voluntary manslaughter upon a free white person, and that the verdict was therefore illegal, and could not be enforced.

The presiding Judge overruled the motion, and the accused complains of the decision as erroneous.

ARTHUR HOOD, for plaintiff. in error.

F. D. BAILEY, Solicitor General, *contra*.

*By the Court*—JENKINS, J., delivering the opinion.

The motion in arrest of judgment in this case, is predicated upon the radical difference in social position—in relative rights and duties—between the white and African races, which obtains in Georgia.

It is argued with great ingenuity, that the degraded position of the free person of color precludes the idea that a homicide committed by him, upon a free white person, not justifiable, can be reduced below the offense of murder.

1st. It must be borne in mind that the laws of Georgia, providing for the trial and punishment of slaves and free persons of color, for public offenses, give no definitions of those offenses. For these, we are remitted to the Penal Code for the trial and punishment of citizens. There all offenses are clearly defined, and it must have been the intention of the Legislature to apply these definitions to offenses committed by slaves and free persons of color.

Without pausing to inquire what, upon the hypothesis drawn from degraded social position, is to be done with those cases of homicide by the inferior upon the superior, which

cannot rationally be forced into the class "justifiable," (as where the parties were previously wholly unknown to each other, and the party killed was the assailant) or to speculate upon the necessity for legislation on the subject, our enquiry must be, *how is the law written ?*

2d. By the latter clause of the second section of the Act approved 24th December, 1821, entitled "An Act to alter and amend the several laws for the trial of slaves and free persons of color, in this State, (T. R. R. Cobb's Digest, 996,) it is enacted that "in case a verdict of manslaughter shall be found by the jury, the punishment shall be," etc. Now this Act recognizes and provides for the punishment of manslaughter when committed by a slave or free person of color, but neither it, nor any law of which it is amendatory, nor any subsequent Act either defines what shall be manslaughter when committed by a slave or free person of color, or distinguishes with reference to the *subject* of a homicide so committed. If asked, then, what is the legal definition of the offense of which this plaintiff in error was convicted, viz: manslaughter, and for which the above recited Act prescribes his punishment, we are driven to the sixth section of the fourth division of the Penal Code, (T. R. R. Cobb's Digest, 783,) and it is in these words: "Manslaughter is the unlawful killing of a human creature without malice either expressed or implied," etc. It is the province of the jury to enquire whether the evidence shows, in the act done by the accused, the elements of the crime thus defined.

Did the accused unlawfully kill a *human creature ?* The jury have found that he did. Did he kill his victim without malice aforethought, either expressed or implied? The jury have found that he did.

In view of the general penal code which defines, and of the penal laws for slaves and free persons of color, which prescribes the punishment of manslaughter, we cannot say that the plaintiff in error did not or could not commit that offense as charged.

Let the judgment be affirmed.